IN THE SUPREME COURT OF THE STATE OF DELAWARE

RUBEN CARLO, §
§ No. 209, 2016
Defendant Below- §
Appellant, § Court Below: Superior Court
§ of the State of Delaware
v. §
§
STATE OF DELAWARE, § ID No. 1504003365
§
Plaintiff Below- §
Appellee. §

Submitted: November 2, 2016
Decided: November 30, 2016

Before **HOLLAND**, **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

On this 30th day of November 2016, upon consideration of the parties' briefs and the record of the case, it appears that:

1. Appellant, Ruben Carlo, was convicted of Assault in a Detention Facility[1] and Escape After Conviction[2] at a Superior Court bench trial. He makes one claim on appeal. He contends that the testimony given at trial did not support a finding that he intended to cause physical injury to a correctional officer beyond a reasonable doubt.

---

[1] 11 *Del. C.* § 1254.
[2] 11 *Del. C.* § 1253.

2. On April 5, 2015, Carlo was serving a sentence for Aggravated Menacing and Burglary Second Degree at the Plummer Center, a Level IV Work Release facility. That night, at approximately 10:00 p.m., officers monitoring the security cameras observed an individual, later identified as Carlo, leaving the facility by climbing and jumping over an exterior wall. As officers approached the area near the wall, Carlo threw a black bag containing cigarettes over the wall into the facility. Carlo then jumped back over the wall and, to his surprise, landed next to Officer Deveon Smith, the first officer to arrive at the location.

3. As Officer Smith attempted to detain Carlo, Carlo swung and struck Officer Smith in the right temple with his fist. Officer Smith instructed Carlo to stop resisting. However, Carlo continued to struggle with the officer. Several other officers came to assist Officer Smith, and Carlo was brought under control.

4. In addition to being struck in the head, Officer Smith suffered abrasions to his left little and ring fingers. The left little finger also had small fractures from contact with the wall during his struggle with Carlo. Officer Smith missed eight days of work as a result of his injuries.

5. At trial, Officer Smith testified that Carlo struck him in the head as soon as the officer turned around and approached Carlo to apprehend him. Officer Smith also testified that he continued to give Carlo verbal commands to stop resisting, but Carlo

continued to struggle with the officer. Sergeant Michael Rubincan, a Department of Corrections employee, testified that he observed Carlo's escape on the facility's live security camera feed. Sergeant Rubincan testified that the area where the incident occurred is generally off-limits to inmates unless they are being escorted by an officer. Another correctional officer, Officer Eric Larsen, testified that he observed Carlo resisting Officer Smith's attempts to restrain him. Officer Larsen testified that Carlo was continuously given commands to stop resisting, but did not comply with those demands, and was only subdued after Officer Larsen and several other officers were able to come and assist Officer Smith.

6. Carlo testified that when he landed on the inside of the wall, he was surprised to see someone there, and he was not sure if the individual was a correctional officer or an inmate because the individual was wearing all black clothing. Carlo was also wearing all black clothing. Carlo testified that he never intended to strike or harm the officer, but instead was attempting to get away, "so that if it was a guard [he] could give [him]self up willingly."[3] Donell Money, another inmate present at the Plummer Center on the night of April 5, 2015, testified for the defense at trial. Money witnessed the event and testified that Carlo did not strike any of the officers and did not resist the officers in any way.

---

[3] App. to Appellant's Opening Br. at A31.

3

7. The trial court found that Officer Smith's testimony that Carlo swung at and struck the officer's head was credible and corroborated by a photograph that showed redness on the right side of the Officer's head following the incident. The trial court also found that Money's testimony for the defendant was not credible, as it was contradicted by the officers' testimony, the video of the scuffle, and also parts of Carlo's testimony. The trial court also found not credible Carlo's testimony that he did not believe he struck Officer Smith and that he would have surrendered if he was sure that Officer Smith was an officer and not an inmate. The trial court found that Carlo intentionally punched the officer and that his actions in resisting arrest were intentional as well.

8. Carlo argues that the Superior Court erred in finding him guilty of Assault in a Detention Facility because there was insufficient evidence to conclude beyond a reasonable doubt that Carlo intentionally caused physical injury to Officer Smith. Specifically, Carlo argues that Officer Smith suffered two separate physical consequences from his encounter with Carlo: 1) redness on his temple and 2) abrasions to his little and ring fingers and a fractured little finger on his left hand. He argues that the redness on the temple does not constitute a "physical injury" as statutorily defined,[4] and, therefore, even if the punch to Officer Smith's head was

---

[4] 11 *Del. C.* § 222(23). "'Physical injury' means impairment of physical condition or substantial pain." *Id.*

4

intentional, Carlo cannot be guilty of Assault in a Detention Facility because the punch did not result in a "physical injury." Carlo concedes that the injuries to Officer Smith's fingers do constitute physical injuries as defined in 11 *Del. C.* § 222, but argues that the evidence presented at trial did not support a finding that he intended to cause physical injury to Officer Smith's hand.

9. "Where defendant argues that the evidence is insufficient to support the verdict against him, we inquire whether, after reviewing the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the State, 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"[5]

10. A person is guilty of Assault in a Detention Facility if, while being confined in a detention facility, that person "intentionally causes physical injury to a correctional officer."[6] Physical injury is intentionally caused if it is the "conscious object" of the actor to cause physical injury.[7] The trial court stated that the redness to the temple was "probably" physical injury, but it did not rest its verdict upon the punch to the temple. It did conclude that the injuries to the fingers were physical injuries which were intentionally caused by Carlo. In the process of concluding that

---

[5] *Guinn v. State*, 2006 WL 506433, at *1 (Del. Feb. 28, 2006) (quoting *Dixon v. State*, 567 A.2d 854, 857 (Del. 1989)).
[6] 11 *Del. C.* § 1254(a).
[7] 11 *Del. C.* § 231(b)(1).

5

Carlo did intentionally cause the injuries to Officer Smith's fingers, the trial court discussed two statutes, apart from the Assault in a Detention Facility statute itself. One was 11 *Del. C.* § 306(c)(1), which provides that "[a] person is presumed to intend the natural and probable consequences of the person's act." The other was 11 *Del. C.* § 262, which provides:

> The element of intentional or knowing causation is not established if the actual result is outside the intention or the contemplation of the defendant unless . . . (2) The actual result involves the same kind of injury or harm as the probable result and is not too remote or accidental in its occurrence to have a bearing on the actor's liability or on the gravity of the offense.

11. Carlo argues that the trial court erred in considering the statutory presumption set forth in § 306(c)(1). He argues that the trial court's consideration of the rebuttable presumption created by § 306(c)(1) "undermined the clear statutory distinction of the General Assembly between the state of minds required for ordinary assaults and the state of mind required for more aggravated assaults, such as assault in a detention facility."[8] Essentially, Carlo argues that the presumption set forth in § 306(c)(1) is more consistent with a reckless state of mind than the intentional state of mind that is required to secure a conviction under § 1254(a).

---

[8] Appellant's Opening Br. at 13.

6

12. Carlo's argument must be rejected. He has offered no support for his claim other than his statement that the Superior Court's application of the statutory presumption set forth in §306(c)(1) "in effect" permits a defendant to be found guilty with only a reckless state of mind.[9] In *Plass v. State,* however, a case where guilt depended upon the defendant having acted intentionally, this Court observed that "[a]s a matter of common sense, in judging the sufficiency of the evidence as to the state of mind, the [fact finder] must be able to weigh the conduct of the defendant" because otherwise, the only evidence of state of mind would be the testimony of the accused.[10] With respect to the rebuttable presumption at issue here, the Court specifically observed that a fact finder "must be permitted, among other evidentiary alternatives, to infer that the defendant intended the natural and probable consequences of his act."[11]

13. This Court has repeatedly upheld the application of § 306(c)(1) in the context of intentional assaults.[12] When Carlo resisted Officer Smith, it was to be expected that the officer would continue to attempt to bring him under control.[13] The

---

[9] *Id.*

[10] 457 A.2d 362, 365 (Del. 1983).

[11] *Id.*

[12] *See, e.g., Harris v. State*, 965 A.2d 691, 693 (Del. 2009); *Guinn*, 2006 WL 506433, at *2.

[13] The facts in this case are similar to the facts in *Harris v. State*, where this Court upheld Harris's assault conviction, citing to the presumption set forth in 11 *Del. C.* § 306(c)(1). *Harris*, 965 A.2d at 693. In *Harris*, the defendant ran from the courthouse, and in an effort to detain the defendant, an officer broke his leg. *Id.* This Court held that "[w]hen Harris ran out of the courthouse, the natural

7

trial judge inferred from the testimony of the witnesses and evidence presented at trial that Carlo acted intentionally when he punched Officer Smith, clearly a permissible inference. While Carlo may not have intended to cause the specific injuries to Officer Smith's fingers which occurred, it is a reasonable inference that the natural and probable consequence of his conduct would be to cause some physical injury to the officer. Under circumstances like those present here, there is no error in drawing an inference that Carlo intended to cause physical injury. It was also reasonable for the trial court to consider § 262 and find that the injury that Officer Smith suffered to his fingers was not too remote or accidental to affect Carlo's culpability.[14] The trial court was aware that the ultimate finding required was that it was Carlo's conscious object to cause physical injury to the officer. There was no error in the trial court's using §§ 262 and 301(c)(1) to assist in its analysis in arriving at that conclusion.

14. After reviewing the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the State, a rational trier of fact could find that Carlo intended to cause physical injury to Officer Smith. Therefore, the decision of the trial court will be affirmed.

---

and probable consequence of his conduct was that law-enforcement officers would chase him in an effort to return him to custody. But for Harris's conduct, [the officer] would not have chased after him, fallen down, or broken his leg." *Id.*
[14] 11 *Del. C.* § 262.

8

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice